## GEER v. WINSTON.

**Instructions — Evidence — In Support of.**

A mere abstract proposition of law should not be submitted to the jury without evidence upon which to base it.

**Adverse Possession.**

Before one can recover against a party in the possession of land he must show in himself a superior legal title.

APPEAL FROM KENTON CIRCUIT COURT.

February 24, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

The court below could not properly have sustained the motion of appellant to exclude unqualified the deposition of John Cox from the jury, and instructions Nos. 1 and 2 as asked by appellant without qualification should not have been given.

Instruction No. 5 as asked by appellant should not have been given, as by it the appellee was not only required to have had twenty years' continuous, adverse possession of the land, but his possession must have been during the whole period by enclosure and clearing, or cultivation, and unless they found all of said facts to exist, they were to find for one who did not show himself or claim to be clothed with the superior legal title.

The seventh instruction was obnoxious to the same objections as those enumerated in the fifth and differed from that only in not requiring appellant to be connected with Fowler's patent.

In instruction No. 10, a mere abstract proposition of law is asked to be submitted to the jury without evidence upon which to base it, and without any regard to the *evidence* in relation to the previous, continuous, adversary holding by appellee and those under whom he claimed, and was calculated to mislead and confuse the jury, and was properly refused.

Looking to the evidence in this case instruction No. 11 should not have been given. If Taylor was in possession under the Ash patent, as is assumed in the instruction, by his compromise and dismissal of the suit in the Bracken Circuit Court with Breading's heirs, which he had brought against them to recover the land he left them in possession, and his prior possession if he had such thereby inured to their benefit. But if Taylor's possession did not inure by the dismissal of his suit against Breading's heirs to their benefit, and the entry of Breading within the bounds of his deeds only put him in possession of the land he actually enclosed as to Taylor holding the superior title, that as proposition of law was not applicable to and could not benefit appellant claiming under a junior grant.

This disposes of all the instructions asked by appellant and refused, and perceiving no error in the record prejudicial to appellant the judgment is affirmed.